UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02036-JPH-TAB |
| ) | |
| WEXFORD OF INDIANA LLC, ) | |
| MARITAL KNIESER, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Service of Process**

Michael Hale, an inmate at New Castle Correctional Facility, has filed a lawsuit alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment. Because Mr. Hale is a "prisoner," the Court must screen his complaint before directing service on the defendants.

**I. Screening Standard**

The Court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names Wexford of Indiana, LLC and Dr. Marital Knieser in his individual capacity and requests compensatory and punitive damages.

Mr. Hale suffers from spinal stenosis, sciatica, and spinal degenerative disease. He also has arthritis and tendonitis in his left knee. Wexford allegedly maintained a widespread custom of failing to maintain complete and accurate medical records, falsifying medical records, and failing to respond to urgent and emergent medical situations in a timely manner. Dr. Knieser allegedly falsified Mr. Hale's medical records to justify denying his requests for offsite medical care and appropriate diagnostic tests. As a result, Mr. Hale was denied necessary medical care.

## III. Discussion

Based on the screening standard set forth above, Mr. Hale's Eighth Amendment deliberate indifference claims **shall proceed** against Wexford and against Dr. Knieser in his individual capacity. This summary includes all viable claims identified by the Court. If Mr. Hale believes his complaint contains additional viable claims, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

## IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC and Dr. Marital Knieser in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically. Dr. Knieser is identified as an employees of Wexford. Wexford is ORDERED to provide the full name and last known home address of Dr. Knieser if he does not waive service if they have

such information. This information may be provided to the Court informally or may be filed ex parte.

This Order does not prohibit the defendants from filing a motion under Rule 12.

**SO ORDERED**.

Date: 3/8/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL HALE
884687
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic Service to Wexford of Indiana, LLC

Dr. Marital Knieser
New Castle Correctional Facility – Medical Staff
1000 Van Nuys Road
New Castle, IN 47362