UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HALE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-02036-JPH-TAB ) |
| WEXFORD OF INDIANA LLC, MARITAL KNIESER, | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Michael Hale, a prisoner at New Castle Correctional Facility, brings this lawsuit alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment. He is proceeding on a *Monell* claim against Wexford of Indiana, LLC, and an individual capacity claim against Dr. Marital Knieser. (Docket Entry 20).

Mr. Hale has moved for assistance recruiting counsel. (Docket Entry 50). He states that his formal education ended in tenth grade, that he has difficulty reading and writing, that he suffers from mental illness including ADHD, and that he is receiving assistance in this lawsuit from a fellow inmate. (*Id.* at 2-3).

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a

pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d at 653; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt,* 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the

denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

Mr. Hale contacted multiple attorneys to request representation without success. (*Id.* at 4). The Court finds that he has made a reasonable effort to obtain counsel without the Court's assistance.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655).

The Court acknowledges the challenges that Mr. Hale faces in this litigation, including his limited formal education and mental illness. The Court also acknowledges that cases involving complex medical issues are often more difficult than other lawsuits brought by prisoners. *See Eagan*, 987 F.3d at 683.

Nevertheless, the Court finds that Mr. Hale is competent to continue representing himself at this stage of the proceedings. This case is currently in discovery. The Court has imposed robust initial disclosure obligations on the defendants. (Docket Entry 35 at 2). Mr. Hale's filings show that he understands the nature of these proceedings and that he is capable of marshalling evidence on his behalf. (*e.g.,* Docket Entries 44, 45, 46) (affidavits of fellow prisoners describing an alleged pattern of inadequate medical care for chronic conditions).

Accordingly, the motion for assistance recruiting counsel, Docket Entry [50], is **DENIED**. The Court will remain alert to changes in circumstances that

may warrant reconsideration of this Order, such as a settlement conference or trial.

**SO ORDERED**.

Date: 7/13/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL HALE
884687
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com