UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02036-JPH-TAB |
| | ) |
| WEXFORD OF INDIANA LLC, | ) |
| MARTIAL KNIESER, | ) |
| | ) |
| Defendants. | ) |

**ORDER DIRECTING FURTHER PROCEEDINGS**

Plaintiff Michael Hale has filed various post-judgment motions. The Court addresses each below.

### I.    Motion for Extension of Time

Final Judgment was entered in this case on March 26, 2025. Dkt. 146. On April 22, 2025, Mr. Hale filed a motion for extension of time to file a notice of appeal, stating that the law library at Miami Correctional Facility, where he is incarcerated, ignored his requests for the required forms. Dkts. 147. He subsequently filed a notice of appeal on April 30, 2025, five days after the 30-day deadline to appeal. Dkt. 148.

"Under Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file [a] notice of appeal if a party so moves no later than thirty days after the original deadline for the filing of notice of appeal, and that party shows excusable neglect or good cause." *Sherman v. Quinn*, 668 F.3d 421, 424–25 (7th Cir. 2012) (internal quotation omitted). In determining whether this showing has been made, a district court should consider the

1

entire context, including the reason for and the length and impact of the delay, including whether it was within the reasonable control of the movant, the danger of prejudice to the nonmoving party, and whether the party responsible for the delay acted in good faith. *Id.* at 426.

Here, Mr. Hale filed his motion for extension of time well within the sixty-day window to request for an extension of time to appeal. The delay in filing the notice of appeal was only a few days after the 30-day deadline. Furthermore, Mr. Hale has demonstrated good cause for the delay since it was caused by matters beyond his control; he was unable to get the correct forms from the library. Last, there will be no prejudice to the nonmoving party if this extension is granted. For these reasons, Mr. Hale's motion for extension of time to appeal, dkt. [147], is **granted and his notice of appeal is considered timely**.

## II. Motion for Certificate of Appealability

Mr. Hale's motion for certificate of appealability, dkt. [151], is **denied** as unnecessary. Certificates of appealability are not required in civil rights cases.

## III. Motion to Withdraw Notice of Appeal and Motion for Extension of Time

On May 31, 2025, Mr. Hale filed a motion to withdraw his notice of appeal. Dkt. 156. This motion was signed on May 30, 2025. *Id.* To the extent that Mr. Hale filed his motion for voluntary dismissal of appeal, dkt. [156], in this Court, it is **denied** as having been filed in the wrong court.

Mr. Hale also filed a motion for extension of time to file an appellant brief. Dkt. 155. To the extent that Mr. Hale filed this motion, dkt. [155], in this Court, it is **denied** as having been filed in the wrong court.[1]

### IV. Motions to Proceed on Appeal *in Forma Pauperis* and Motion for Court Order

On April 30, 2025, Mr. Hale filed his first motion to proceed *in forma pauperis* on appeal. Dkt. 150. Then, on May 29, 2025—a day before mailing his motion to withdraw the notice of appeal—Mr. Hale mailed a second motion to proceed *in forma pauperis* on appeal. Dkt. 157. This motion was then filed with the Court on June 4, 2025. *Id.* It is unclear to the Court whether Mr. Hale still wishes to proceed *in forma pauperis* on appeal because he mailed these motions before mailing his motion to withdraw. Nevertheless, his motions, dkt. [150], dkt. [157], are **denied as presented** because he did not include a certified copy of the transactions associated with his institution trust account for the six-month period preceding the filing of his appeal. 28 U.S.C. § 1915(a)(2).

Mr. Hale also filed a motion requesting the Court to order his custodian to forward his trust account. Dkt. 158. He asserts that, even after requesting various parties, he cannot obtain a copy of his trust account statement from MCF. *Id.* at 1.

In order to proceed *in forma pauperis*, federal law requires inmates to submit a certified copy of their trust fund account statement for the preceding

---

[1] The Court of Appeals for the Seventh Circuit has already received and docketed these motions. *See* dkts. 3 and 4 in *Hale v. Wexford of Indiana, LLC et al.*, No. 25-1757.

six-month period before filing suit. *See* 28 U.S.C. § 1915(a)(2). The district court then, in turn, assesses a partial filing fee for those inmates who qualify for such status. *Id.* § 1915(b)(2). Detention facilities share some responsibility in seeing that this task is completed. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) ("A prison that fails to meet its statutory obligation to turn over proceeds of trust accounts faces legal difficulties of its own.").

Mr. Hale has represented that he is unable to attain his trust account statement from the facility, and the Court has no reason to doubt his assertion. When detention facility officials do not give inmates their trust fund account statements, the proper course of action is to order the facility to forward a certified copy of the inmate's statement. *See Bell v. Kay*, 847 F.3d 866, 867 (7th Cir. 2017) (per curiam) (vacating dismissal of prisoner's case where prison officials refused to provide the account ledger and directing district court to order the prison officials to provide ledger); *Ross v. Gant*, 2020 WL 6946472, at *2 (S.D. Ind. Nov. 25, 2020) (relying on *Bell* and ordering non-party detention center to forward certified copy of plaintiff's trust fund account statement); *Goodwill v. Hoffman*, 2019 U.S. Dist. LEXIS 8442 (E.D. Wis. Jan. 17, 2019) (ordering non-party detention center to forward certified copy of plaintiff's six-month trust account statement).

Accordingly, Mr. Hale's motion, dkt. [158], is **granted**. The Court hereby **orders the Warden or his designee at Miami Correctional Facility** to provide the Court with a certified copy of Michael Hale's trust account statement or Miami Correctional Facility's institutional equivalent for the six-

4

month period preceding the filing of the notice of appeal on April 30, 2025, and to do so **no later than August 7, 2025.** The trust account statement should be submitted to the Clerk of the Court and should reference case number No. 1:22-cv-02036-JPH-TAB.

## V.     Conclusion

Plaintiff's motion for an extension of time to file a notice of appeal, dkt. [147], is **granted**. The motion for certificate of appealability, dkt. [151], is **denied as unnecessary**. The motion for extension of time to file an appellant brief, dkt. [155], is **denied as filed in the wrong court**. The motion to withdraw the notice of appeal, dkt. [156], is **denied as filed in the wrong court**.

Plaintiff's motions to proceed on appeal *in forma pauperis*, dkt. [157], dkt. [150], are **denied as presented**. Plaintiff's motion requesting order from the Court, dkt. [158], is **granted**. The Court orders **Miami Correctional Facility** to provide a certified copy of Michael Hale's trust account statement by **August 7, 2025**.

**SO ORDERED.**

Date: 7/8/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL HALE
884687
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

WARDEN OR DESIGNEE
MIAMI CORRECTIONAL FACILITY
3038 West 850 South
Bunker Hill, IN 46914-9810

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com